# United States District Court
## Central District of California

| | |
|---|---|
| **UNITED STATES OF AMERICA vs.** | Docket No.  **2:18-cr-00083(A)-RGK-5** |
| **Defendant**  ROBERT CHARLES NICHOLSON, III | Social Security No.  **8  7  1  9** |
| akas: | (Last 4 digits) |

### JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| NOV | 4 | 2019 |

**COUNSEL**   GREGORY NICOLAYSEN, CJA PANEL
(Name of Counsel)

**PLEA**   [X] **GUILTY,** and the court being satisfied that there is a factual basis for the plea.   [ ] NOLO CONTENDERE   [ ] NOT GUILTY

**FINDING**   There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of:
Conspiracy to Commit Wire Fraud and Attempted Wire Fraud, in violation of 18 USC 1349, as charged in Count 1 of the First Superseding Indictment

**JUDGMENT AND PROB/ COMM ORDER**   The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:

### FOUR (4) MONTHS.

It is ordered that the defendant shall pay to the United States a special assessment of $100, which is due immediately.

Defendant shall pay restitution in the total amount of $1,194.95 to victims set forth in a separate victim list prepared by the probation office which this Court adopts and which reflects the Court's determination of the amount of restitution due to each victim. The victim list, which shall be forwarded to the fiscal section of the clerk's office, shall remain confidential to protect the privacy interests of the victims. **Interest on restitution is waived.**

The Court finds from a consideration of the record that the defendant's economic circumstances allow for restitution payments pursuant to the following schedule: Restitution shall be paid in monthly installments of at least $ 200 during the term of supervised release. These payments shall begin 30 days after release from imprisonment. Interest on restitution is waived.

The defendant shall be held jointly and severally liable with co-defendant, Oriyomi Sadiq Aloba, for the amount of restitution ordered in this judgment. The victims' recovery is limited to the amount of their loss and the defendant's liability for restitution ceases if and when the victims receive full restitution.

The defendant shall comply with General Order No. 18-10.

All fines are waived as it is found that such sanction would place an undue burden on the defendant's dependents.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Robert Charles Nicholson III, is hereby committed Count 1 of the First Superseding Indictment for a term of FOUR (4) MONTHS. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of THREE (3) YEARS under following terms and conditions:

1. The defendant shall comply with the rules and regulations of the United States Probation & Pretrial Services Office and General Order 18-10, including the conditions of probation and supervised release set forth in Section III of General Order 18-10.

2. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer.

3. During the period of community supervision, the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment.

4. The defendant shall participate for a period of 4 months in a home detention program as directed by the Probation Officer. If electronic monitoring is ordered by the Probation Officer, the defendant shall pay the costs of electronic monitoring to the contract vendor, not to exceed the sum of $12.00 for each day of participation in the electronic monitoring, GPS, and/or voice recognition program. The defendant shall provide payment and proof of payment as directed by the Probation Officer. If the defendant does not have the ability to pay, no payment shall be required.

5. The defendant shall not obtain or possess any driver's license, Social Security number, birth certificate, passport or any other form of identification in any name, other than the defendant's true legal name, nor shall the defendant use, any name other than his true legal name without the prior written approval of the Probation Officer.

6. The defendant shall cooperate in the collection of a DNA sample from the defendant.

7. The defendant shall apply all monies received from income tax refunds to the outstanding Court-ordered financial obligation. In addition, the defendant shall apply all monies received from lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains to the outstanding Court-ordered financial obligation.

8. The defendant shall submit his person, property, house, residence, vehicle, papers, computers [as defined in 18 U.S.C. § 1030(e)(1)], cell phones, other electronic communications or data storage devices or media, office, or other areas under the defendant's control, to a search conducted by a United States Probation Officer or law enforcement officer. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search pursuant to this condition will be conducted at a reasonable time and in a reasonable manner upon reasonable suspicion that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation.

It is further ordered that the defendant surrender himself to the institution designated by the Bureau of Prisons on or before 12 noon, on December 2, 2019. In the absence of such designation, the defendant shall report on or before the same date and time, to the United States Marshal's office in Brooklyn, New York.

The Court recommends that the defendant be designated to a Bureau of Prisons facility near Brooklyn, New York.

Defendant's bond shall be exonerated upon self-surrender.

Counsel for the government motions the Court to dismiss the remaining counts of the First Superseding Indictment, and the Second Superseding Indictment as to this defendant only. Motion granted.

Defendant is advised of his right to appeal.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| November 13, 2019 | | *Gary Klausner* (signature) |
|---|---|---|
| Date | | R. GARY KLAUSNER, United States District Judge |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

| November 13, 2019 | By | /s/ Sharon L. Williams |
|---|---|---|
| Filed Date | | Deputy Clerk |

The defendant must comply with the standard conditions that have been adopted by this court (set forth below).

**STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE**

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant must not commit another federal, state, or local crime;
2. he defendant must report to the probation office in the federal judicial district of residence within 72 hours of imposition of a sentence of probation or release from imprisonment, unless otherwise directed by the probation officer;
3. The defendant must report to the probation office as instructed by the court or probation officer;
4. The defendant must not knowingly leave the judicial district without first receiving the permission of the court or probation officer;
5. The defendant must answer truthfully the inquiries of the probation officer, unless legitimately asserting his or her Fifth Amendment right against self-incrimination as to new criminal conduct;
6. The defendant must reside at a location approved by the probation officer and must notify the probation officer at least 10 days before any anticipated change or within 72 hours of an unanticipated change in residence or persons living in defendant's residence;
7. The defendant must permit the probation officer to contact him or her at any time at home or elsewhere and must permit confiscation of any contraband prohibited by law or the terms of supervision and observed in plain view by the probation officer;
8. The defendant must work at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons and must notify the probation officer at least ten days before any change in employment or within 72 hours of an unanticipated change;
9. The defendant must not knowingly associate with any persons engaged in criminal activity and must not knowingly associate with any person convicted of a felony unless granted permission to do so by the probation officer. This condition will not apply to intimate family members, unless the court has completed an individualized review and has determined that the restriction is necessary for protection of the community or rehabilitation;
10. The defendant must refrain from excessive use of alcohol and must not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
11. The defendant must notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12. For felony cases, the defendant must not possess a firearm, ammunition, destructive device, or any other dangerous weapon;
13. The defendant must not act or enter into any agreement with a law enforcement agency to act as an informant or source without the permission of the court;
14. As directed by the probation officer, the defendant must notify specific persons and organizations of specific risks posed by the defendant to those persons and organizations and must permit the probation officer to confirm the defendant's compliance with such requirement and to make such notifications;
15. The defendant must follow the instructions of the probation officer to implement the orders of the court, afford adequate deterrence from criminal conduct, protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

☒ The defendant must also comply with the following special conditions (set forth below).

**STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS**

The defendant must pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment under 18 U.S.C. § 3612(f)(1). Payments may be subject to penalties for default and delinquency under 18 U.S.C. § 3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed before April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant must pay the balance as directed by the United States Attorney's Office. 18 U.S.C. § 3613.

The defendant must notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence address until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. § 3612(b)(l)(F).

The defendant must notify the Court (through the Probation Office) and the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. § 3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution under 18 U.S.C. § 3664(k). See also 18 U.S.C. § 3572(d)(3) and for probation 18 U.S.C. § 3563(a)(7).

Payments will be applied in the following order:

1. Special assessments under 18 U.S.C. § 3013;
2. Restitution, in this sequence (under 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid):
    Non-federal victims (individual and corporate),
    Providers of compensation to non-federal victims,
    The United States as victim;
3. Fine;
4. Community restitution, under 18 U.S.C. § 3663(c); and
5. Other penalties and costs.

**CONDITIONS OF PROBATION AND SUPERVISED RELEASE PERTAINING TO FINANCIAL SANCTIONS**

As directed by the Probation Officer, the defendant must provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant must not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant must maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds must be deposited into this account, which must be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, must be disclosed to the Probation Officer upon request.

The defendant must not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

| USA vs. ROBERT CHARLES NICHOLSON, III | Docket No.: 2:18-cr-00083(A)RGK-5 |
|---|---|

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____

| Date | Deputy Marshal |

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____

| Filed Date | Deputy Clerk |

## FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____

| Defendant | Date |

_____

| U. S. Probation Officer/Designated Witness | Date |